### ESTATE OF WILLIAM P. FULLER, DECEASED.

[No. 9747; decided March 12, 1891.]

Executor's Sale—Confirmation When Sale Made Under Power.—The superior court, sitting in probate, has jurisdiction of an application to confirm a sale of a partnership interest made by an executrix under a power given in the will.

Executor's Sale—Restraining Confirmation.—One department of the superior court sitting in equity cannot, by enjoining parties to an executor's sale, prevent another department of that court sitting in probate from confirming such sale.

Executor's Sale.—It is No Answer to an Application to Confirm a sale of a partnership interest, made by an executor under a power in the will, that there was a contract between the decedent and his surviving partner to sell the decedent's interest to the surviving partner.

William P. Fuller died on May 17, 1890, leaving a widow and a number of children. He left a will in which the widow was named as executrix, and which conferred upon her a power of sale.

At the time of his death William P. Fuller was a member of the firm of Whittier, Fuller & Co., which firm was com-

posed of William F. Whittier, William P. Fuller, F. N. Woods and William P. Fuller, Jr.

The will was admitted to probate, and Margaret H. Fuller, the testator's widow, was appointed the executrix thereof. Timothy J. Lyons was appointed by the court as attorney to represent the minor children.

On February 24, 1891, the executrix reported to the court that she had sold the partnership interest of the decedent in the firm of Whittier, Fuller & Co. for $1,400,000 to William P. Fuller, Jr. With this report was a petition for the confirmation of the sale. The hearing of the petition for confirmation was set for March 9, 1891, and notice was directed to be given to all parties interested, and citations issued to the three surviving partners to be examined as provided in section 1524 of the Code of Civil Procedure. At the time set for the hearing the same was continued, without objection, to March 11, 1891. On the morning of the last-named day William F. Whittier commenced a suit against the executrix and the heirs of the decedent, and the purchaser, in the superior court of San Francisco, sitting in equity, to enjoin them from in any manner proceeding with the application for confirmation of the sale of the partnership interest to William P. Fuller, Jr., and for specific performance of a contract with decedent, entitling Whittier to purchase such interest after the testator's death, the executrix having refused to carry out the contract. This suit was assigned to Department No. 6 of the court, and an order was made by the presiding judge requiring the defendants to show cause on March 20, 1891, why an injunction should not be issued as prayed for, and in the meantime restraining them from proceeding with the application for confirmation.

The Whittier suit was based upon the articles of copartnership of Whittier, Fuller & Co., wherein it was provided, amongst other things, as follows:

"Sixteenth. In case of the death of either W. F. Whittier or W. P. Fuller during the continuance of this co-partnership, the interest of such decedent in the firm and the business thereof shall remain undivided therein until the 31st day of December next ensuing, the contributed capital of

the decedent bearing interest at the rate of five per cent.
per annum until said 31st day of December, when the entire
interest of such decedent in said partnership and the busi-
ness thereof, consisting of his contributed capital and the
accrued interest thereon, and such pro rata of the profits
for the entire year as the time that the decedent was living
during the year bears to the entire year, less any amounts
that he may have withdrawn since the first day of January
next preceding, shall be ascertained and determined; and
the survivor shall be entitled to take and purchase such
interest of his deceased partner in said partnership and the
business thereof, and without charge for the good-will of
the business, for the amount so found and determined to
be the value thereof, as aforesaid, giving his notes for the
payment thereof, payable to the executor or administrator,
or other legal representative of such decedent, in equal
monthly installments, the first note being due and payable
in three months from the 31st day of December, or day when
such interest of the decedent shall be fixed and determined,
together with interest thereon at the rate of six per cent.
per annum, said interest to commence sixty days from the
dates of said notes."

The contract further provided that the time of payment
of the notes shall be so apportioned that the total amount
of the purchase price of the deceased partner's interest shall
be due and payable within five years.

Just before the application for confirmation was reached
for hearing on March 11, 1891, the restraining order in the
Whittier suit was served upon the attorney for the executrix,
and, when the application was reached for hearing, counsel
for William F. Whittier directed the attention of the court
and parties present to such restraining order, and also to a
petition which had been filed by William F. Whittier, ob-
jecting to the confirmation of the sale to William P. Fuller,
Jr., which petition contained, amongst others, the following
averments:

"That pursuant to the clause 16th of said articles of co-
partnership, the interest of the said decedent in the said co-
partnership and the business thereof remained undivided
after his death on the 17th day of March, 1890, until the 31st

day of December next ensuing. That after the death of said Wm. P. Fuller, and from that time continuously until the present date, your petitioner intended and expected and still intends and expects to exercise his right, under clause 16th of said articles of co-partnership, of purchasing the entire interest of his said deceased partner in the said co-partnership and the business thereof, and it was during all the said time, and still is, well known to all members of said co-partnership, and especially to the said Wm. P. Fuller, Jr., that such was the intention of your petitioner. That the entire interest of said decedent in said co-partnership and the business thereof was immediately after the 31st day of December, and as soon as the same could be practically done, ascertained and determined. That owing to the magnitude of the interest involved, and the great labor of ascertaining and determining the pro rata of profits for the year 1890 to be credited to the said Wm. P. Fuller, deceased, under said clause 16th, it was not until on or about the 1st day of March, 1891, that your petitioner was prepared to carry the agreement contained in said clause into execution.

"Petitioner thereupon, to wit, on the 7th day of March, 1891, notified the said executrix in writing that he desired to exercise and did exercise his right under said clause 16th of said articles of co-partnership, and tendered to her, as such executrix, the amount of the entire interest of said decedent in said co-partnership and the business thereof, on the 31st day of December, 1890, as the same had been ascertained and determined, and offered then and there to deliver to her his promissory notes for said amount, which said notes were in substance and form as prescribed in said clause 16th, and demanded of her that she execute to him such assignment, transfer, bill of sale, or other instrument in writing, transferring and assigning said interest of said decedent in the said co-partnership and the business thereof, as should fully and finally vest the title of said interest in him; that said executrix rejected the said tender and refused to comply with the said demand. That thereafter, and on the said 7th day of March, 1891, your petitioner presented to said executrix for her approval his certain claim, in writing, duly verified, based upon said clause 16th,

for the purchase of said decedent's interest in said co-partnership and the business thereof.''

The partnership interest had been appraised at $1,320,000. The proposition of Mr. Whittier (made on March 7, 1891, after the sale had been made and reported by the executrix) was the delivery of notes, the payment of which would extend over a period of five years, for the aggregate amount of $1,284,000—said notes to be unindorsed and unsecured.

After the attention of the court had been directed to these various matters, counsel for the objecting partner requested a postponement of the application for confirmation until the final determination of the Whittier suit. Counsel for the executrix and for the purchaser and for the adult heirs stated that they felt bound by the restraining order made in that suit, and would not proceed with the application for confirmation.

The attorney for minor heirs insisted, however, that he was not included in or bound by the restraining order, and that the hearing of the application for confirmation should be proceeded with.

After argument on the right of the attorney for minor heirs to insist on proceeding with the application, the court delivered its opinion orally as follows.

A. G. Booth, for the executrix.

Russell J. Wilson, for the adult heirs.

W. F. Herrin, for Wm. P. Fuller, Jr., the purchaser.

S. C. Denson and John H. Boalt, for Wm. F. Whittier, the objecting partner.

Timothy J. Lyons, for the minor heirs.

COFFEY, J. This is simply a matter of jurisdiction. This court has jurisdiction of the subject matter of this application. No other court is competent to enjoin this court by any such process as this. This is addressed to the parties, and they are responsible for any disobedience of the injunction to the other department. All the court here has to do is to attend to the business before it. Here is an application regular in form, and the hearing is insisted upon.

As to the injunction—why, the parties who are enjoined may proceed at their peril in the other department.

The only point is this: The matter is regularly on the calendar, and if the action of this court should be, as suggested, vain, the parties who have procured the injunction against this proceeding will suffer nothing. I am bound to hear all matters that come on here to be heard, when those who make application insist upon their rights. Mr. Lyons is not under the jurisdiction of the other court as attorney in this proceeding. That has been repeatedly held. He has no business as attorney of the minors in that other court. He might have business there if he should be appointed guardian ad litem. Here the application is before the court and all interested in the applicaton. . . . . I cannot take notice of the matter that is pending in another court. I take notice of the record as it existed at the time of the filing of this application. It is a mere accident—the clerk failed to do a ministerial duty the other day; that is the reason that you have any right in court at all this morning. Because, if the matter had been heard as the matter stood the other morning, you would not have been here with this other proposition. It is suggested on your side there is an attempt here to evade the operation of the order—of the restraining order. It might be said, on the other side, that there is an attempt to evade the jurisdiction of this court.

Mr. Lyons is the agent of the court to represent these minors. Of course he could not be employed by them, and he would not be subject to that restraining order. I don't know how far the court—the other court—will exert its power over persons not minors or not described as such. What I say—I possibly might be misunderstood by it—is that the attorney appointed by the court has no business outside of the probate department; and that has been repeatedly decided. One instance is the case with which you all are more or less remotely associated, an estate of some magnitude, the Estate of Blythe. Dr. Taylor was appointed by the court in that case and went into another department, No. 10, I think, and was not allowed to appear in the case because he had no business outside of the probate court. He was responsible to no other authority except the court that appointed him.

So in the Estate of Caroline Fisher: 1 Cof. Pro. Dec. 97. I refused to allow an attorney appointed in that way for services rendered by him in a litigation in another department, because he had no business there. He was only an incident of administration. As he can act nowhere else than in the probate department, he is constantly liable to be called upon for his acts and is amenable to the probate department in his capacity as attorney for minor heirs; and is amenable to no other department.

This proceeding was not instituted by him. He is appearing here in behalf of those whom he represents. He has, in my judgment, perfect standing in court. Once a proceeding is instituted, the machinery will not be stopped if there be somebody in interest adequately represented to continue it. If I understand the law correctly, the injunction only goes to certain individuals; certainly, unless I misapprehend the law, it will not go to the parties represented by Mr. Lyons, or to him, as he has no standing whatever except in this forum, and then by special permission of the law. But of course all parties have rights here, and no party is to be forced to a conclusion precipitately. If this matter could be finished today, with justice to all parties, I prefer it should be done. I will take the record as it is presented. There is nothing in this record, as I see it, that vitiates or suggests any want of jurisdiction in this court; on the contrary, the jurisdiction is perfect upon the record. Under the statute this is the forum in which to come to confirm that sale under the power of the will. It is no answer to that to say that there is a contract between the deceased partner and the survivor. We look at the will for the source of the power, and we look at the execution of that power, and then at the prudence of conducting and making this sale. So far as the probate jurisdiction goes, if that power is perfect, that is the end of this court's proceeding; its responsibility is discharged.

I am here to take evidence, unless under your protest—in your objection—you say the court is without jurisdiction, or that the sale is unfair, or in any other way that it is not proper for it to be confirmed.

According to the statement, there is a margin of a hundred and fifteen thousand dollars between the sale suggested in one case and the sale in the other. It is the duty of the court to conserve the interests of minors. It seems now there is a sale reported to the court more advantageous than the one suggested on the other side under an agreement, . . . . and the sale was made under a power in the will.

There is no legal excuse for a continuance. I will take the testimony. I will hear Mrs. Fuller.

The executrix was then partially examined, and further hearing was continued until March 12, 1891, at which time the examination of the executrix was concluded, and two of the surviving partners were examined by the attorney for minor heirs and by the court.

Upon the conclusion of the taking of testimony, counsel for the objecting partner again requested that final action on the petition for confirmation be delayed until determination of Mr. Whittier's rights, and thereupon the court ruled as follows:

COFFEY, J. (Orally). You see where that situation would place the court, as a rule of procedure, if you were to establish that. That as to a matter in which this court has acquired jurisdiction, some person with or without cause, or sufficient cause, could go in another department and could then come in here and factiously delay proceedings and impede justice in this department. This court has first acquired jurisdiction. Jurisdiction is perfect already. Then the party desiring to defeat this application here and in good faith—as, of course, I have no question in the present case, but it might be in bad faith in another case, and the precedent would be established—that he could go across the corridor and obtain from the judge, as a matter of course, an order restraining the party until the subject matter of that action was determined in that proceeding. Then the parties are restrained, and this court is arrested in its orderly conduct of work. That would be the result. Of course, I do not desire to have a conflict with another department, and I prefer to delay rather than seek and invite a conflict of jurisdiction or aggravate any existing complications. But

the point simply is, that this court has jurisdiction; and, if the proofs are made in substantiation of the allegations in the complaint or petition, it is the right of the parties to insist upon this going forward. It is the duty of the court to obey that insistence.

I want to see what is established in this proceeding. There is an allegation in the complaint ("Return and Account of Sale") that a certain sale has been made; that it is a good sale. A claim was presented by Mr. Whittier, and rejected and returned to him; a claim, as I understand it, under the partnership articles. Now the court has before it just one bid or one sale, which has, as its earnest of payment, a hundred thousand dollars cash paid, and secured notes. All that is established. Under ordinary circumstances the court would not hesitate a second to confirm the sale. On the other hand, we have, as against the confirmation, a statement that there is an action pending in another department, involving the subject matter of the sale and the claim of a particular surviving partner. It would be a dangerous precedent for a court to establish that, pending that application to confirm the sale by a court with jurisdiction, somebody might institute suit in another department to arrest the proceeding for his own purposes. The minors must be protected by the court, especially because they are under disability. Now, what I say is that the court is bound to exercise its judgment as soon as the particular facts that are brought before it are established. Now, to dismiss this proceeding, or to do anything that would be equivalent to that, is simply to place the estate at a great disadvantage, and to say that it may not be able to obtain as much as it is now in the power of the court to enforce. I see no reason why the judgment of the court should be delayed, and why the order should be refused. I therefore mark the application "granted."